IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 14-00192-KD |
| ) | |
| WALTER PORTERFIELD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on Defendant Walter Porterfield's "Motion to Modify or Adjust Sentence" (doc. 45). Porterfield moves the Court to amend the judgment so that he may serve his federal sentence concurrent with his State of Alabama sentence, which was imposed after his federal sentence. Porterfield states that his state sentence was imposed to run concurrent with his federal sentence. Upon consideration, and for the reasons set forth herein, the motion is **denied.**

On April 9, 2015, Porterfield was sentenced to 35 months for the offense of possession of a firearm by a prohibited person. The Court stated that the sentence was not a departure but an adjustment to give credit for time served since March 31, 2014, the date of the offense. Porterfield had been taken into federal custody on a Writ of Habeas Corpus from the State of Alabama on August 20, 2014. His federal sentence was imposed on April 9, 2015, and he was returned to state custody.

Two months later, in June 2015, the Circuit Court of Escambia County, Alabama sentenced Porterfield to 130 months, concurrent, in Criminal Action 14-306 and 14-307. https://webviewer.alacourt.gov The Circuit Court also ordered Porterfield's state sentences to run concurrently with any sentence he was currently serving including his federal sentence. He

remained in state custody until he paroled 10 months later, on February 22, 2016. At present, Porterfield is in the custody of the Bureau of Prisons. His release date is October 23, 2018.

Porterfield states that he only has 10 months and he is "trying to get that I done in the State, before I made parole in the State of Alabama" (Doc. 45, p.1). Although he has asked the Court to amend his judgment to run his federal and state sentences concurrent, it appears that Porterfield is actually trying to get a credit for the 10 months (June 2015 to February 2016), that he served in state custody before he made parole and began serving his federal sentence.

However, regardless of whether he seeks an amendment for credit for time served after the judgment was entered or seeks and amendment to run his federal sentence concurrent with the later-imposed state sentence, the Court lacks authority to grant the relief he seeks. When multiple terms of imprisonment are imposed at different times, as here, the terms are presumed to run consecutively unless the court orders otherwise. 18 U.S.C. § 3584(a). This Court did not order any concurrent sentences.

Therefore, the Court may amend Porterfield's judgment in certain limited circumstances. Specifically:

> [t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute…. § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id*. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the [Sentencing] Commission and certain other requirements are met, *see id*. § 3582(c)(2).

*United States v. Phillips*, 597 F.3d 1190, 1194-1195 (11th Cir. 2010). However, none of these circumstances exist in this action.

Also, the Court may modify a sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which allows modification for clerical error, omission or oversight. However, "Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Portillo,* 363 F.3d 1161, 1164 (11th Cir. 2004). Amending the judgment to impose a concurrent sentence would be a substantive alteration to Porterfield's sentence.

As to credit for the 10 months in state custody, the "[a]uthority to calculate credit for time served under section [18 U.S.C. §] 3585(b) is vested in the Attorney General, not the sentencing court." *United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010) (citing *United States v. Wilson,* 503 U.S. 329, 334, 112 S. Ct. 1351, 1355 (1992). The Attorney General, acting through the Bureau of Prisons, "is authorized under § 3585(b) to compute sentence-credit awards after sentencing." *United States v. Anderson*, 517 Fed. Appx. 772, 775 (11th Cir. 2013)

Accordingly, Porterfield's motion is due to be denied. The Clerk of the Court is directed to mail a copy of this order to Porterfield.

**DONE** and **ORDERED** this the 14th day of October 2016.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**